**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
* Pro Hac Vice to be Filed
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
JUN 04 2014
U.S.D.C. S.D. N.Y.
CASHIERS

| | |
|---|---|
| DINESHEIA WEST, on behalf of herself and all others similarly situated, <br><br> **Plaintiff,** <br><br> -against- <br><br> INNOVATIVE EMERGENCY MANAGEMENT, INC., <br><br> **Defendant.** | **CLASS ACTION COMPLAINT** |

Plaintiff Dinesheia West ("West" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime compensation, damages for breach of contract, and statutory penalties for Plaintiff and her similarly situated co-workers, Quality Assurance Control Specialists (collectively, "Specialists") who work or have worked for Innovative Emergency Management, Inc. ("IEM" or "Defendant") nationwide on the Hurricane Sandy Recovery Project.

2.     IEM was founded by the company's president and CEO, Madhu Beriwal, in February 1985. Focusing exclusively on emergency management, IEM works with government agencies and private sector organizations around the world to improve protection and security for lives and infrastructure, and to help states, regions, and communities recover from disasters.  In a recent

proposal to the State of New Jersey Governor's Office, IEM stated that members of the IEM team have played significant roles in recovery from major disasters across the United States, including 9/11, Hurricanes Katrina and Rita, the 2008 floods, the 2004 Florida hurricanes, and the Tennessee floods.

3. In October 2012, Superstorm Sandy made landfall in New York. The storm was the deadliest and most destructive hurricane of the 2012 Atlantic hurricane season, as well as the second-costliest hurricane in United States history. New York State was severely affected by Sandy, particularly New York City and its suburbs, as the hurricane flooded the city's subway system and most of the road tunnels entering Manhattan, caused large parts of the city and surrounding areas to lose electricity for several days, and forced thousands of residents to be evacuated. It was estimated that Sandy cost the state $32 billion in damages and losses, of which $19 billion occurred in New York City.

4. In or around January 2013, IEM was contracted by the New York State Office of Emergency Management ("NYOEM") to provide Public Assistance and Hazard Mitigation Grant Program ("HMGP") support to the State of New York through a prime contract held by Adjusters International. This support includes direct staffing support with expertise in all categories of Public Assistance, designing an HMGP solution for New York, and developing their grant application. IEM is also responsible for staffing the HMGP grant once it has been approved to ensure that it is properly executed in a timely and efficient manner. According to a recent proposal, the NYOEM Recovery Support contract had a budget of $10 million.

5. In performance of the NYOEM Recovery Support contract, IEM hired numerous individuals as Specialists to render services for the Hurricane Sandy Project. Given the substantial damages and losses that occurred in New York City, a substantial amount of Specialists' work was directed toward resolving claims that arose in Manhattan.

6.      As stated in IEM's "Consulting Agreements," Specialists were to provide quality assurance/quality control oversight and review of engineering support for the benefit cost analysis for the development of an HMGP grant application, and other duties as assigned and mutually agreed upon.

7.      Though IEM classified Specialists as independent contractors, Specialists depended upon IEM's business for the opportunity to render services, and were not in business for themselves.  In that regard, IEM had the ability to exercise significant control over Specialists, who were hired under long-term contracts, and Specialists had no opportunity for profit or loss or investment in the business.  Further, while the degree of skill and independent initiative required to perform their work was minimal, Specialists' services on the Hurricane Sandy Recovery Project were nevertheless an integral part of IEM's performance of the NYOEM Recovery Support contract.

8.      According to the Consulting Agreements, IEM agreed to pay Specialists $50.00 per hour, plus reimbursement for reasonable and necessary out-of-pocket travel and living expenses, as reported by Specialists on invoices for fees and expenses to IEM.  Though IEM generally paid Specialists $50.00 for all reported hours, the company failed to pay Specialists the appropriate overtime premiums for hours worked in excess of 40 per workweek.

9.      IEM and Specialists further contracted that the Consulting Agreements would continue for a period of 12 months, and that the agreements may only be terminated upon the giving of 30 days prior written notice.  Notwithstanding this guaranteed term of employment, IEM breached the Consulting Agreement by terminating Specialists on or around December 23, 2013, without any prior written notice.

10.     Defendant has applied the same employment policies, practices and procedures to all Specialists who provided services on the Hurricane Sandy Recovery Project.

11.     Plaintiff brings this action on behalf of herself and all similarly situated current and former Specialists who worked for Defendant on the Hurricane Sandy Recovery Project who elect to opt-in to this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendant that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

12.     Plaintiff also brings this action on behalf of herself and all similarly situated current and former Specialists who worked for Defendant on the Hurricane Sandy Recovery Project pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, and the common law.

**THE PARTIES**

**Plaintiff**

**Dinesheia West**

13.     West is an adult individual who is a resident of Houston, Texas.

14.     West was employed by Defendant as a Specialist on the Hurricane Sandy Recovery Project from on or around October 17, 2013 to December 23, 2013.

15.     During West's employment with IEM, a substantial amount of West's work was directed towards Manhattan.  In that regard, IEM specifically assigned West a caseload involving claims that arose in Manhattan.

16.     West is a covered employee within the meaning of the FLSA and the NYLL.

17.     A written consent form for West is being filed with this Class Action Complaint.

**Defendant**

**Innovative Emergency Management, Inc.**

18.     IEM is a foreign business corporation – organized and existing under the laws of Louisiana – that is authorized to do business in New York.

19.     Upon information and belief, IEM's principal executive office is located at 2801 Slater Road, Suite 110, Morrisville, NC 27560.

20.     According to its website, IEM maintains 18 offices/locations in the United States, including a location in New York.

21.     IEM is the corporate entity that appeared on Plaintiff's paystubs for work performed on the Hurricane Sandy Recovery Project.

22.     IEM is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

23.     At all relevant times, IEM maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

24.     At all relevant times, IEM applied the same employment policies, practices, and procedures to all Specialists who worked on the Hurricane Sandy Recovery Project, including policies, practices, and procedures with respect to payment of overtime compensation.

25.     Upon information and belief, at all relevant times, IEM's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

26.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

27. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy between Plaintiff and Defendant exceeds the sum or value of $75,000.00.

28. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

29. The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

30. Plaintiff is a citizen of a state different from that of Defendant.

31. Plaintiff's claims involve matters of national or interstate interest.

32. Citizenship of the members of the proposed class is dispersed among a substantial number of states.

33. Upon information and belief, greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are not citizens of the same state.

34. Defendant resides in Louisiana and North Carolina.

35. Defendant is subject to personal jurisdiction in New York.

36. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

37. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of herself and all similarly situated current and former Specialists who work or have worked for Defendant on the Hurricane Sandy Recovery Project, who elect to opt-in to this action (the "FLSA Collective").

39.    Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and the FLSA Collective.

40.    Consistent with Defendant's policy and pattern or practice, Plaintiff and the FLSA Collective were not paid the appropriate premium overtime compensation for all hours worked beyond 40 per workweek.

41.    All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

42.    As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    (a)    willfully failing to pay its employees, including Plaintiff and the FLSA Collective, the appropriate premium overtime wages for hours worked in excess of 40 hours per workweek; and

    (b)    willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

43.    Defendant's unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for the overtime hours they worked.

44.    Defendant is aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

45.    Plaintiff and the FLSA Collective perform or performed the same primary duties.

46.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

47. There are many similarly situated current and former Specialists who have worked for Defendant on the Hurricane Sandy Recovery Project who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

48. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

49. In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of a service award upon resolution of this action.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings the Second, Third, Fourth, and Fifth Causes of Action, NYLL and common law claims, under Rule 23 of the Federal Rules of Civil Procedure and the common law of the State of New York, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked for Defendant in New York as Specialists on the Hurricane Sandy Recovery Project between June 4, 2008 and the date of final judgment in this matter (the "Rule 23 Class").

51. Excluded from the Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

52. The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

53. Upon information and belief, the size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

54. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

55. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a) whether Defendant violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(b) whether Defendant misclassified Plaintiff and the Rule 23 Class as independent contractors;

(c) whether Defendant correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d) whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(e) whether Defendant failed to furnish Plaintiff and the Rule 23 Class with annual wage notices, as required by the NYLL;

(f) whether Defendant failed to furnish Plaintiff and the Rule 23 Class with accurate statements of wages, hours worked, rates paid, and gross wages, as required by the NYLL;

(g) whether Defendant breached the Consultant Agreements with Plaintiff and the Rule 23 Class, and failed to pay Plaintiff and the Rule 23 Class wages and all other monies owed in accordance with executed Consultant Agreements;

(h) whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(i) the nature and extent of class-wide injury and the measure of damages for those injuries.

56.     The claims of Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent.  Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendant in New York as Specialists on the Hurricane Sandy Recovery Project.  Plaintiff and the Rule 23 Class members enjoy the same statutory rights, including to be properly compensated for all hours worked in excess of 40 hours per workweek and to be paid all monies owed pursuant to executed employment agreements.  Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and common law.  Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

57.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff understands that as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 members.

58.     In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

59. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the NYLL and common law, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

60. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

61. Consistent with its policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Dinesheia West**

62. Defendant did not pay West the proper overtime wages for all of the overtime hours that she was suffered or permitted to work each workweek.

63. Defendant generally compensated West at a rate of $50.00 for all hours worked.

64. During her employment, West generally worked an average of approximately 88 hours per workweek – seven days per week from approximately 7:30 a.m. to 8:00 p.m. – unless she missed time for vacation, sick days or holidays. On certain occasions, West was also required to spend the night at the office and work approximately 21 to 23 hours straight.

65.     Defendant consistently suffered or permitted West to work over 40 hours per week as a consultant on the Hurricane Sandy Recovery Project.   During such workweeks, Defendant did not compensate West at time and one-half her regular hourly rate ($75.00) for the overtime hours she worked, but rather paid West at her agreed-upon hourly rate of $50.00 for all reported hours.

66.     Given that West was compensated on an hourly basis, Defendant was required to pay her at time and one-half her regular hourly rate ($75.00) for all hours worked beyond 40 per workweek.

67.     Defendant did not keep accurate records of wages earned or of hours worked by West.

68.     Defendant failed to furnish West with annual wage notices.

69.     Defendant failed to furnish West with accurate statements of wages, hours worked, rates paid, and gross wages.

70.     At all times relevant, West depended upon Defendant for the opportunity to render her services on the Hurricane Sandy Recovery Project; West was not in business for herself.

71.     At all times relevant, Defendant exercised an immense degree of control over West.   In that regard, Defendant determined West's rate and method of compensation, job assignments, and work schedule.   West did not have the authority or ability to accept or reject assignments from IEM.

72.     At all times relevant, West had no opportunity for profit or loss or investment in Defendant and/or in Defendant's work on the NYOEM Recovery Support contract.   Conversely, Defendant exercised a high degree of control over West's opportunity for profit by compensating her at a fixed hourly rate and reimbursing her for all work related expenses.

73.     At all times relevant, the degree of skill and independent initiative required by Plaintiff to perform work as a consultant on the Hurricane Sandy Recovery Project was minimal.  In that regard, Defendant did not require West to have formal training or prior experience in related fields to work as a Specialist, and West could not enhance her earnings by exerting independent initiative.

74.     Defendant hired West to work as a Specialist on the Hurricane Sandy Recovery Project for a period of 12 months, *i.e.*, a long-term contract.

75.     Throughout her employment, the terms and conditions of West's employment with Defendant were governed by a duly executed Consultant Agreement.  The contract expressly stated that (a) the Consultant Agreement "becomes effective 10/17/2013 and will continue for a period of 12 months ending 10/31/2014"; and (b) the Consultant Agreement may only be terminated "upon the giving of 30 (thirty) days prior written notice."

76.     At all times relevant, West performed her duties and responsibilities competently, in accordance with the Consultant Agreement.

77.     Defendant breached the Consultant Agreement by terminating West on December 23, 2013, without providing West any prior written notice.

78.     As a result of Defendant's breach of the Consultant Agreement, Plaintiff suffered damages by being denied wages and other monies owed in accordance with her executed contract.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

79.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.     Defendant has engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

81.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

82.     At all times relevant, Plaintiff and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

83.     At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

84.     At all times relevant, Defendant has been an employer of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

85.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendant and protect Plaintiff and the members of the FLSA Collective.

86.     Defendant has failed to pay Plaintiff and the members of the FLSA Collective overtime at a rate of time and one-half their regular hourly rate for all of the hours they have worked in excess of 40 hours in a workweek.

87.     Defendant's unlawful conduct, as described in this Class Action Complaint, has been willful and intentional. Defendant has been aware or should have been aware that the practices described in this Class Action Complaint were unlawful. Defendant has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

88.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

89.     As a result of Defendant's willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (Brought on behalf of Plaintiff and the Rule 23 Class)

90.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91.     Defendant has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

92.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendant, and Defendant has been an employer of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

93.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

94.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendant, and protect Plaintiff and the members of the Rule 23 Class.

95.     Defendant has failed to pay Plaintiff and the members of the Rule 23 Class overtime at a rate of time and one-half their regular hourly rate for all hours worked in excess of 40 per workweek.

96. Defendant has failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

97. Through its knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendant has willfully violated the NYLL, Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

98. Due to Defendant's willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Annual Wage Notices**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

99. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

101. Through its knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

102. Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

103. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

104. Defendant has willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

105. Through its knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

106.     Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**FIFTH CAUSE OF ACTION**
**Breach of Contract**
**(Brought on behalf of Plaintiff and the Rule 23 Class)**

107.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

108.     Plaintiff and the members of the Rule 23 Class entered into a fully binding contract with Defendant, which expressly required that (a) the Consultant Agreement "will continue for a period of 12 months"; and (b) the Consultant Agreement may only be terminated "upon the giving of 30 (thirty) days prior written notice."

109.     Plaintiff and the members of the Rule 23 Class fully performed all of their obligations under the Consultant Agreements.

110.     Defendant breached the Consultant Agreements with Plaintiff and the members of the Rule 23 Class by terminating Plaintiff and the members of the Rule 23 Class on or around December 23, 2013, without providing any prior written notice.  Defendant's failure to comply with the express terms of the Consultant Agreements constitutes a breach of contract.

111.     As a result of Defendant's breach of the Consultant Agreements, Plaintiff and the members of the Rule 23 Class suffered damages by being denied wages and other monies owed in accordance with executed contracts, and are entitled to recover such monies, along with consequential damages, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all individuals who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked for Defendant in New York as Specialists on the Hurricane Sandy Recovery Project.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.      Payment of a service award to Plaintiff in recognition of the services she has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

F.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

G.      Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H.     Statutory penalties of fifty dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

I.     Statutory penalties of one hundred dollars for each workweek that Defendant failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

J.     Unpaid wages and all other monies owed to Plaintiff and the members of the Rule 23 Class in accordance with executed Consultant Agreements;

K.     Prejudgment and post-judgment interest;

L.     An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

M.     Reasonable attorneys' fees and costs of the action; and

N.     Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       June 4, 2014

Respectfully submitted,

Joseph A. Fitapelli

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**BRUCKNER BURCH PLLC**
Richard J. (Rex) Burch
* Pro Hac Vice to be Filed
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788

*Attorneys for Plaintiff and
the Putative Class*

DocuSign Envelope ID: 9C0DC728-12B0-427F-ADFA-0C069D5B1453

IN RE: OVERTIME ACTION ] COLLECTIVE ACTION
]
INNOVATIVE EMERGENCY MANAGEMENT, ]
INC. ] **NOTICE OF CONSENT**
]

I consent to be a party plaintiff in an action to collect unpaid wages. I agree to be bound by the Professional Services Agreement with Bruckner Burch PLLC.



_____
Signature

Dinesheia West
_____
Full Legal Name (print)

2/12/2014
_____
Date

**Send Via Mail or Fax to:** BRUCKNER BURCH PLLC
frontdesk@brucknerburch.com
Fax: 713-877-8065

- 1 -