

475 Park Avenue South, 12th Floor • New York, New York 10016

Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

August 20, 2014

**Via ECF & E-Mail**
Hon. Richard J. Sullivan, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square, Room 2104
New York, New York 10007
E-Mail: sullivannysdchambers@nysd.uscourts.gov

>  Re:   ***West v. Innovative Emergency Management, Inc.***
>         <u>Civil Action No.:  14 Civ. 4014 (RJS)</u>

Dear Judge Sullivan:

    The parties write this letter jointly in anticipation of the initial conference scheduled for August 27, 2014 at 10:45 a.m.  In accordance with Your Honor's June 30, 2014 Order, please find a summary of the instant action below.  The parties' proposed Case Management Plan and Joint Electronic Discovery Submission are attached hereto as Exhibits A and B, respectively.

1. **<u>Nature Of Action & Principles Of Defenses</u>**

**Plaintiff's Position:**

    Defendant, an emergency management company, was contracted by the New York State Office of Emergency Management to provide support to the State of New York following Hurricane Sandy.  In support of its contract, Defendant hired over 100 individuals, such as Plaintiff, to render services as "Specialists" and similarly situated positions for the Hurricane Sandy Recovery Project.  According to "Consulting Agreements" entered into by Specialists and Defendant, Specialists would receive a straight time hourly rate for all hours worked per week, including hours worked in excess of 40.  The Consulting Agreements further provided that the contracts would continue for a period of 12 months, and that the agreements may only be terminated upon the giving of 30 days prior written notice.

    Plaintiff worked for Defendant as a Quality Assistance/Quality Control Specialist on the Hurricane Sandy Recovery Project from on or around October 17, 2013 to December 23, 2013. Despite having the terms and conditions of her employment controlled by Defendant and working over 80 hours per week, Plaintiff did not receive the appropriate overtime premiums from Defendant.  Plaintiff was also terminated by Defendant without cause and with only two days prior written notice in breach of her Consulting Agreement.

Fitapelli & Schaffer, LLP
August 20, 2014
Page 2 of 5

---

  Plaintiff commenced this action on June 4, 2014, on behalf of herself and similarly situated coworkers to recover unpaid overtime compensation, damages for breach of contract, and statutory penalties. Plaintiff asserts that Defendant violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay Specialists statutory overtime premiums for hours worked in excess of 40 per workweek, and failing to furnish Specialists with proper wage notices and wage statements. Defendant does not deny that Specialists frequently worked over 40 hours per week, but rather contend that Specialists were independent contractors who were not covered by the FLSA and NYLL. The totality of the circumstances, however, evidences that Specialists were Defendant's employees, as they depended upon Defendant's business for the opportunity to render services and were not in business for themselves. Plaintiff further claims that Defendant breached their own Consulting Agreements by terminating Specialists on or around December 23, 2013, without any prior written notice.

  In addition to the named Plaintiff, 15 individuals who worked for Defendant as Quality Assistance/Quality Control Specialists, Hazard Mitigation Specialists, and/or Benefit Cost Analysis Specialists/Analysts have filed consent forms to participate in this action pursuant to 29 U.S.C. § 216(b). *See* ECF Nos. 16-20, 22.

**Defendant's Position:**

  Defendant is a professional services consulting firm based in Research Triangle Park, North Carolina. Defendant is a subcontractor to an entity holding a prime contract with the State of New York to facilitate the distribution of funds authorized by the Federal Emergency Management Administration ("FEMA") to assist reconstruction and other recovery efforts following Hurricane Sandy. Defendant maintains that the Complaint allegations are without merit. Both Plaintiff and members of the putative class were properly classified as independent contractors under both the FLSA and NYLL. The QA/QC Specialists were experienced consultants retained on short notice for a brief time period to provide critical services to local communities and state agencies in New York seeking financial assistance to rebuild Hurricane Sandy. The QA/QC Specialists possessed a high degree of technical knowledge related to the FEMA Hazard Mitigation Grant Program ("HMGP"), which is authorized under Section 404 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, as amended (42 U.S.C. § 5170c). They used their detailed understanding of the HMGP to ensure the applications submitted by local communities and state agencies in New York for HMGP assistance met the specifications of the HMGP. Their consulting work facilitated prompt consideration and approval of grant applications, so that desperately needed funds for Hurricane Sandy recovery would be available for the local communities and state agencies that needed it most. Because the QA/QC Specialists maintained and applied their specific knowledge of the HMGP regulations, they were able to perform their duties with little to no control by Defendant. Individuals retained as consultants in the other job titles at issue likewise had substantial familiarity with the relevant regulator process. Further, because Defendant had a good faith belief that the individuals were properly classified under the FLSA and the NYLL, there is no basis on which to impose the penalties set forth in the NYLL.

Defendant did not breach any of the consulting agreements at issue. Defendant demobilized Plaintiff and others from the Hurricane Sandy Recovery Project at the direction of the prime contractor and the State of New York; Defendant did not terminate any of the agreements. Defendant also believes that class certification is not appropriate in this case because of the significant differences between the duties and responsibilities performed by various QA/QC Specialists, and because of material differences between QA/QC Specialists and individuals working in other job titles. To that end, Defendant maintains that the 15 former consultants who filed consent-to-sue forms (ECF Nos. 16-20, 22) are not proper plaintiffs in this litigation.

2. **Jurisdiction & Venue**

This Court has original federal question jurisdiction under 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b). Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

3. **Outstanding Motions and/or Outstanding Requests to File Motions**

At present, the parties have not filed and/or requested to file any motions. Plaintiff anticipates requesting a pre-motion conference regarding anticipated motions to amend the Complaint – to expand the definition of the class to include all individuals who worked for Defendant on the Hurricane Sandy Recovery Project and the Xactimate Project as Quality Assistance/Quality Control Specialists, Hazard Mitigation Specialists, Benefit Cost Analysis Specialists/Analysts, and similarly situated positions – and to obtain conditional certification pursuant to 29 U.S.C. § 216(b). Following discovery, Plaintiff also anticipates moving for Class Action Certification pursuant to Fed. R. Civ. P. 23 and for Summary Judgment pursuant to Fed. R. Civ. P. 56. Defendant anticipates requesting a pre-motion conference regarding its intention to seek leave to file a motion to strike Plaintiff's filings of Notices of Filing of Consent to Join (ECF Nos. 16-20, 22) for the 15 individuals mentioned above. Defendant also anticipates moving for summary judgment pursuant to Fed. R. Civ. P. 56, and for decertification of any collective action that may be conditionally certified under 29 U.S.C. § 216.

4. **Discovery and Prospective Discovery**

Defendant recently provided informal discovery evidencing the hours worked and wages paid to putative class members, as well as time records and a demobilization notice related to the named Plaintiff. The parties believe this discovery is sufficient for the parties to engage in meaningful settlement negotiations.

5. **Preliminary Issues**

None at this time.

6. **Proposed Discovery**

    a. **Initial disclosures:** The parties believe initial disclosures pursuant to Rule 26(a)(1) should be made in whole, and that there is no category of documents that should be produced immediately in lieu of initial disclosures.
    b. **Possible stay or limitation of discovery:** None at this time.
    c. **Limitations on document preservation, including ESI:** Plaintiff will take measures to preserve the following categories of documents: text messages contained on putative class members personal phones or tablets related to the subject matter of the litigation; emails and other documents in the possession, custody or control of putative class members related to the subject matter of the litigation, including but not limited to, payroll and time records, schedules, Consulting Agreements, demobilization notices, handbooks, training materials, job descriptions, résumés or other descriptions of job qualifications, and materials related to any consulting or other independent business of which putative class members are owners, directors, managers, operators, or otherwise serve in an executive or managerial capacity. Defendant will take measures to preserve the following categories of documents: payroll and time records for class members; schedules; Consultant Agreements; demobilization notices; handbooks; training manuals; and job descriptions. The parties also agree that they do not need to preserve the following types of information: (a) Transitory information such as Internet history, cookie files, cache files, and temporary files; and (b) data stored on a personal digital assistant, smartphone or tablet (e.g., Blackberry, iPhone, iPad, etc.), including email, calendar data, contact data, and notes, provided that a copy of such information is routinely saved elsewhere.
    d. **Limitations on types of discovery beyond those in the Rules:** None at this time.
    e. **Limitations on the scope of discovery:** None at this time beyond those in the Rules.
    f. **Limitations on the timing and sequence of discovery:** None at this time beyond those in the Rules.
    g. **Limitations on restoration of electronically-stored information:** None at this time beyond those in the Rules.
    h. **Limitations on depositions, whether by numbers or days of depositions, and by the elimination of expert depositions:** None at this time.
    i. **Any agreement to allow depositions of trial witnesses named if not already deposed:** The parties will discuss whether deposition testimony can be used in lieu of trial testimony.
    j. **Preservation depositions:** None at this time.
    k. **Foreign discovery and issues anticipated:** None at this time.
    l. **Whether the parties recommend that expert discovery precede or follow any summary judgment practice:** The parties agree that expert discovery should precede summary judgment practice.

7. **Damages**

    Plaintiff provided Defendant with a damages analysis utilizing information included in Defendant's informal discovery production. Generally, Plaintiff is seeking damages for:

Fitapelli & Schaffer, LLP
August 20, 2014
Page 5 of 5

- Unpaid overtime premiums: Calculated as the difference between time and one-half each class member's regular hourly rates and the straight time hourly rates they received, multiplied by all hours worked in excess of 40 per workweek;
- Damages for breach of contract: Calculated as wages and other monies owed in accordance with Consulting Agreements, as a result of Defendant's terminating class members without the appropriate prior written notice;
- Statutory penalties for Defendant's failure to provide proper wage notices: Calculated at fifty dollars for each workweek that Defendant failed to provide class members with required wage notices, or a total of twenty-five hundred dollars each; and
- Statutory penalties for Defendant's failure to provide proper wage statements: Calculated at one hundred dollars for each workweek that Defendant failed to provide class members with required wage notices, or a total of twenty-five hundred dollars each.

Plaintiff is also seeking liquidated damages, statutory interest, attorneys' fees, and other relief to the extent permitted under the FLSA, NYLL, and the supporting U.S. and New York State Department of Labor Regulations.

Defendant maintains that Plaintiff and the putative class members were properly classified as independent contractors and are therefore not entitled to any of the categories of damages sought by Plaintiff.

### 8. Prior Settlement Discussions

- July 24, 2014: Counsel for the parties participated in a telephone conference for approximately thirty minutes; and
- July 30, 2014: Counsel for the parties participated in a telephone conference for approximately thirty minutes.
- Counsel for the parties have also exchanged emails regarding potential settlement of the matter on August 6, 11, 14, and 15, 2014.
- Subject to the availability of the parties and the mediator, the parties have agreed to conduct a private mediation with Michael Dickstein of Dickstein Dispute Resolution in an effort to attempt to reach an early settlement of the litigation.

### 9. Estimated Length of Trial

The parties estimate that a trial in this matter would require five days.

\*   \*   \*

Respectfully Submitted,

Joseph A. Fitapelli
Counsel for Plaintiff

Thomas P. Gies
Counsel for Defendant

cc:   Counsel of Record (via ECF and email)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DINESHEIA WEST, on behalf of herself and all others similarly situated,

   Plaintiff[s],

   -v-

INNOVATIVE EMERGENCY MANAGEMENT, INC.,

   Defendant[s].

---

No. __14__ Civ. __4014__ (RJS)
CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

RICHARD J. SULLIVAN, District Judge:

   Pursuant to Rules 16–26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1.   All parties **do not consent** to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c). [*Please choose one.*] [*If all consent, the remainder of the Order need not be completed at this time.*]

2.   This case **is not** to be tried to a jury. [*Please choose one.*]

3.   No additional parties may be joined except with leave of the Court.

4.   Amended pleadings may not be filed except with leave of the Court.

5.   Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than __September 10, 2014__. [*Absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f).*]

6.   All *fact* discovery is to be completed no later than __December 29, 2014__. [*A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances*].

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

   a. Initial requests for production of documents shall be served by September 24, 2014.

   b. Interrogatories shall be served by September 24, 2014.

   c. Depositions shall be completed by December 15, 2014.

      i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

      ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

      iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

   d. Requests to Admit shall be served no later than November 26, 2014.

8. All *expert* disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

   a. Expert(s) of Plaintiff(s)   January 15, 2015.

   b. Expert(s) of Defendant(s)   January 30, 2015.

   [*The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.*]

9. All discovery shall be completed no later than February 16, 2015.

10. The Court will conduct a post-discovery conference on _____. [*To be completed by the Court*.]

11.   If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted no later than _____. [*To be completed by the Court*.]  Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Rules of Practice.

12.   If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

13.   Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: [*Please check one. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.*]

   a.   ____ Referral to a Magistrate Judge for settlement discussions

   b.   ____ Referral to the Southern District's Mediation Program
   *[Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b) above.]*

   The parties are to contact _____ by _____. [*To be completed by the Court after consultation with the parties*.]

14.   Parties have conferred and their present best estimate of the length of trial is __5 days_____.

15.   In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a <u>single letter, jointly composed, not to exceed five pages</u>. Separate and successive letters will not be read. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits or exhibits are **not** permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint

<ol start="16">
<li>No request for an extension of the deadlines set forth in ¶¶ 6 or 9 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines.  As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline.  (That is, if at the time of the request there are twenty days left before the deadline, the Court will not adjourn the deadline more than twenty days.)</li>
</ol>

letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

SO ORDERED.

DATED: _____, 20\_\_
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINESHEIA WEST, on behalf of herself and all others similarly situated,<br><br>**Plaintiff,**<br><br>-against-<br><br>INNOVATIVE EMERGENCY MANAGEMENT, INC.,<br><br>**Defendant.** | 14 Civ. 4014 (RJS)<br><br><br>**JOINT ELECTRONIC DISCOVERY SUBMISSION AND PROPOSED ORDER NO. 1** |

One or more of the parties to this litigation have indicated that they believe that relevant information may exist or be stored in electronic format, and that this content is potentially responsive to current or anticipated discovery requests.  This Joint Submission and [Proposed] Order (and any subsequent ones) shall be the governing document(s) by which the parties and the Court manage the electronic discovery process in this action. The parties and the Court recognize that this Joint Electronic Discovery Submission No. 1 and [Proposed] Order is based on facts and circumstances as they are currently known to each party, that the electronic discovery process is iterative, and that additions and modifications to this Submission may become necessary as more information becomes known to the parties.

**(1)     Brief Joint Statement Describing the Action.**

This matter consists of the action *West v. Innovative Emergency Management, Inc.,* Civil Action No. 14 Civ. 4014 (RJS), brought by Dinesheia West, on behalf of herself and other similarly situated workers who worked on the Hurricane Sandy Recovery Project in 2013 to 2014, against Innovative Emergency Management, Inc.  Plaintiff alleges that Defendant violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by misclassifying workers as independent contractors, denying workers statutory overtime premiums for hours worked in excess of 40 per workweek, and failing to furnish workers with proper wage notices and wage statements.  Plaintiff further asserts that Defendant breached contracts with workers by terminating workers without the appropriate prior written notice.

Defendant maintains that the Complaint allegations are without merit.  Both Plaintiff and members of the putative class were properly classified as independent contractors under both the FLSA and NYLL.  Further, because Defendant had a good faith belief that the individuals were properly classified under the FLSA and the NYLL, Defendant maintains that there is no basis on which to impose the penalties set forth in the NYLL.

Defendant also maintains that it did not breach any of the consulting agreements at issue. Defendant demobilized Plaintiff and others from the Hurricane Sandy Recovery Project at the direction of the prime contractor and the State of New York; Defendant did not terminate any of the agreements. Defendant also believes that class certification is not appropriate in this case because of the significant differences between the duties and responsibilities performed by various QA/QC Specialists.

**(a) Estimated amount of Plaintiff(s)' Claims:**

__ Less than $100,000
__ Between $100,000 and $999,999
X_ Between $1,000,000 and $49,999,999
__ More than $50,000,000
__ Equitable Relief
__ Other (if so, specify) _____

**(b) Estimated amount of Defendant(s)' Counterclaim/Cross-Claims:**

__ Less than $100,000
__ Between $100,000 and $999,999
__ Between $1,000,000 and $49,999,999
__ More than $50,000,000
__ Equitable Relief
X_ Other (if so, specify) _____N/A_____.

**(2)    Preservation.**

The parties agree that:

It is anticipated that issues relating to electronic discovery and disclosure will be resolved without the intervention of the Court. Unless the parties otherwise agree, the parties shall produce electronically stored information. Each party will take reasonable and good faith steps to prevent the loss, destruction, alteration, overwriting, deletion, shredding, incineration, or theft of any document or data the party knows, or reasonably should know, falls within the scope of Fed. R. Civ. P. 26(b)(1). This includes all documents and data in the party's possession, custody, or control, except as noted in the following paragraph. Any and all electronically stored information shall be produced in paper, .pdf, .tiff, or .xls, unless otherwise agreed to by the parties.

The parties also agree that they do not need to preserve the following types of information: (a) Transitory information such as Internet history, cookie files, cache files, and temporary files; and (b) data stored on a personal digital assistant, smartphone or tablet (e.g., Blackberry, iPhone, iPad, etc.), including email, calendar data, contact data, and notes, provided that a copy of such information is routinely saved elsewhere.

2

**(3)** **Privileged Material.**

**(1) Identification.**  The parties have agreed that neither party is required to create a privilege log for any privilege documents or those protected by the work product doctrine created after the filing of the Complaint.

**(2) Inadvertent Production / Claw-Back Agreements.**  The protections afforded by the attorney-client privilege and work product doctrine shall not be waived by a party's disclosure of otherwise protected information in connection with the within litigation, unless such disclosure was made with the explicit intention by the party to waive such protections as to the communication or document in question.

A party who produces any privileged document or communication, without the explicit intention to waive such protections as to the document or communication in question, may, within ten days after the producing party actually discovers, through any source, that such inadvertent production occurred, notify the other party that such document or communication was inadvertently produced and should have been withheld as protected by the attorney-client privilege or work product doctrine.  If such notice occurs, the production will not constitute a waiver of the protections afforded by the attorney-client privilege and work product doctrine.  Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document or communication and any copies thereof and destroy any notes or other materials of any kind, written or electronic, relating to same.

The preceding constitutes the agreement(s) reached, and disputes existing, (if any) between the parties to certain matters concerning electronic discovery as of this date.  To the extent additional agreements are reached, modifications are necessary, or disputes are identified, they will be outlined in subsequent submissions or agreements and promptly presented to the Court.

**Party: Plaintiff**                                   **By:** _____

**Party: Defendant**                                  **By:** _____

Dated: _____, 2014          SO ORDERED:

                                                                    _____
                                                                    Hon. Richard J. Sullivan,
                                                                    United Stated District Judge